UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ADAMS, ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK N.A., et al.,<br><br>    Defendants. | Case No.  16-cv-07086-VC<br><br>**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**<br><br>Re: Dkt. No. 23 |

      Although Congress has abolished the distinction between local and transitory actions in deciding proper venue, the local-transitory distinction retains vitality as a potential jurisdictional hurdle.  *Eldee-K Rental Properties, LLC v. DIRECTV, Inc.*, 748 F.3d 943, 949 (9th Cir. 2014).  The existence and scope of this jurisdictional hurdle is controlled by the law of the forum state.  *Id.*; *see also Josevig-Kennecott Copper Co. v. James F. Howarth Co.*, 261 F. 567, 569 (9th Cir. 1919); *Prawoto v. PrimeLending*, 720 F. Supp. 2d 1149, 1156-58 & n.8 (C.D. Cal. 2010).  If an action would be considered local under the California Code of Civil Procedure, it is local for this Court's purposes, and the action can only proceed if the property at issue is within California.

      The plaintiffs' action is local under California law.  *See* Cal. Civ. Proc. Code § 392(a)(1).  The plaintiffs' goal is to unwind an allegedly wrongful trustee's sale and quiet title in themselves.  Compl. (Dkt. No. 1) at 27, ¶¶ 1-4.  Although the complaint raises a mix of property, tort, and state statutory claims, the "main relief sought . . . relates to rights in real property." *Cholakian & Assocs. v. Superior Court*, 236 Cal. App. 4th 361, 368 (2015).  All non-property claims are derivative of – and all requests for money damages "incidental" to – the plaintiffs' underlying assertion that they hold (or should hold) lawful title.  *See, e.g.*, *Massae v. Superior Court*, 118

Cal. App. 3d 527, 535 (1981).  As a result, the Utah location of the disputed property creates a jurisdictional defect.  This case must be transferred or dismissed.

      A court may transfer a case to cure a lack of jurisdiction.  *See* 28 U.S.C. § 1631.  Here, however, neither party has requested transfer in lieu of dismissal, and the Court sees no reason to order it sua sponte.  The case is therefore dismissed.[1]

      **IT IS SO ORDERED.**

Dated:  March 28, 2017

VINCE CHHABRIA  
United States District Judge

---

[1] Dismissal for improper venue is by far the simpler means of resolving Wells Fargo's motion to dismiss, but jurisdiction must be addressed first.  *Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965).  Even if there were jurisdiction, the Court would dismiss the case for improper venue.